IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDIDO SOTO,** | : | Civil No. 3:22-CV-528 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **RE/MAX OF THE POCONOS** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

**I.    Introduction**

This *pro se* lawsuit, which has been assigned to us upon the consent of the parties, (Doc. 19), seeks to convert a failed real estate transaction into a federal civil rights violation and attempts to invoke federal jurisdiction over potential state law claims involving two citizens of Pennsylvania. The sole remaining defendant named in this complaint,[1] RE/MAX of the Poconos, has now moved to dismiss this complaint alleging that it fails to state a claim. (Doc. 10). As discussed below, we find that, as currently pleaded, these efforts by Soto to sue RE/MAX in federal court under federal civil rights laws or to pursue state law claims against RE/MAX in

---

[1] A second realtor, Weichert Realtors, was previously dismissed from this lawsuit. (Doc. 17).

federal court, fail as a matter of law. These claims fail because they either misconstrue the reach of federal court jurisdiction or misunderstand the scope and reach of federal civil rights statutes. Therefore, we will dismiss this complaint.

## II.   Background

In considering this motion to dismiss we are guided by the well-pleaded facts alleged in plaintiff's complaint, (Doc. 1), which we must accept as true for purposes of this motion. Mr. Soto's complaint is a cursory four-page pleading. (Id.) In this complaint the plaintiff alleges that he was presented and signed a real estate contract to purchase some 2.07 acres of land in July of 2021. (Id.) According to Mr. Soto, the defendants later withdrew the agreements "to the detriment and violations of rights of the Plaintiff." (Id. at 1b). On the basis of these other unadorned factual averments describing a potential breach of contract, Soto alleges that the defendant conspired to violate his constitutional rights to due process and equal protection of the laws, in violation of 42 U.S.C. §§1983 and 1985(3), "[t]hereby causing great monetary damages and resulting physical payne [sic] and suffering" for Soto. (Id. at 1). Moreover, liberally construed, Mr. Soto may be asserting various state law claims against RE/MAX. However, on the face of his complaint, Mr. Soto acknowledges that he resides in Philadelphia, Pennsylvania, and RE/MAX of the Poconos resides in Stroudsburg, Pennsylvania. (Id. at 2).

Presented with this bare-bones pleading, RE/MAX has moved to dismiss this complaint, alleging that it fails to state a claim upon which relief may be granted. (Doc. 10). This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion to dismiss will be granted.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

3

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263,

6

268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B. The Scope of Federal Civil Rights Statutes.

In this case, Mr. Soto seeks to sue RE/MAX under federal civil rights statutes, 42 U.S.C. §§1983 and 1985(3). However, in order to state a claim under these specific statutes, Mr. Soto must set forth well-pleaded facts which satisfy the elements of these two laws.

Turning first to Mr. Soto's claims against RE/MAX under 42 U.S.C. §1983 it is well settled that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate and pre-existing legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg Univ., 893 F. Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the

statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).

Likewise, 42 U.S.C. § 1985(3) provides that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ..., the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

The reach of § 1985(3) has also been carefully defined by the courts. As the United States Court of Appeals for the Third Circuit has observed, "in Griffin v. Breckenridge, 403 U.S. 88(1971) . . ., the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.' Id. at 102." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). Thus:

> Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). In a line of cases ..., the Supreme Court has made clear what a plaintiff must allege to state a claim under § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen

9

of the United States." United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828–29,(1983) (citing Griffin, 403 U.S. at 102–03).

Farber v. City of Paterson, 440 F.3d 131, 134 (3d. Cir. 2006); See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). "[B]ecause § 1985(3) requires the 'intent to deprive of *equal* protection, or *equal* privileges and immunities,' a claimant must allege 'some racial, *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber, 440 F.3d at 135 (citations omitted, emphasis in original).

### C. As Currently Pleaded, Mr. Soto's Complaint Fails to State a Claim under §§ 1983 or 1985(3).

Judged by these legal benchmarks, in its current form Mr. Soto's complaint fails to state a claim upon which relief may be granted under either of these federal civil rights statutes.

First, to the extent that Mr. Soto seeks to bring a federal civil rights claim under 42 U.S.C. § 1983 against a private realtor arising out of an aborted land purchase agreement, this claim fails for a single simple reason: Soto has not alleged well-pleaded facts establishing that RE/MAX of the Poconos was acting under color of state law. This is a fatal flaw in this complaint since the requirement of state action is a "threshold issue" in cases brought under section 1983, Bailey v. Harleysville National Bank & Trust, 188 F. App'x 66, 67 (3d Cir. July 18, 2006), because "there

10

is no liability under § 1983 for those not acting under color of law." <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 638 (3d Cir.1995).

As we have noted on this score:

> The phrase "under color of law" used in section 1983 is parallel in meaning to "state action" as used in the Fourteenth Amendment. <u>Mark</u>, 51 F.3d at 1141; <u>see also Bailey</u>, 188 F. App'x at 67 ("To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment.") (citing <u>Benn v. Universal Health System, Inc.</u>, 371 F.3d 165, 169 n. 1 (3d Cir.2004)). Under this standard, the state must be "responsible" for the plaintiff's alleged constitutional injury. <u>Id</u>. at 1141–1142. Thus, a plaintiff must show that there is a "sufficiently close nexus between the State and the challenged action ... so that the action ... may be fairly treated as that of the State itself." <u>Id</u>. at 1142 (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

<u>Swope v. Nortumberland Nat. Bank</u>, No. 4:13-CV-2257, 2014 WL 4716944, at *4 (M.D. Pa. Sept. 22, 2014), <u>aff'd sub nom.</u> <u>Swope v. Northumberland Nat. Bank</u>, 625 F. App'x 83 (3d Cir. 2015). Applying this exacting standard defining what constitutes action taken under color of law, courts have frequently rebuffed efforts to transform the actions by private entities in the context of real estate transactions into some form of state action for purposes of federal civil rights liability. <u>Id.</u> (collecting cases).

So it is here. Liberally construed, Mr. Soto's complaint alleges nothing more than a breach of contract by a private realtor. While such matters may be cognizable under state law, they do not constitute the type of state action necessary for a federal

11

civil rights claim under §1983. Therefore, this claim fails as a matter of law, as currently pleaded, and should be dismissed.

Mr. Soto's §1985(3) claim is similarly flawed, as currently pleaded. In its present form, Mr. Soto's complaint simply alleges without any further factual detail that there was a conspiracy to violate his rights. To the extent that Mr. Soto premises this conspiracy claim on 42 U.S.C. §1985(3), the claim fails as a matter of law for at least two reasons. First, Mr. Soto has not alleged some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions, as he is required to do under this statute. Farber, 440 F.3d at 135.

Moreover, and more fundamentally, presently Mr. Soto's complaint is devoid of any well-pleaded facts whatsoever that would support an inference of some conspiratorial agreement to violate his rights. Instead, this claim simply proceeds based upon the label of conspiracy unadorned by any factual averments. This, too, is a fatal flaw since:

> [T]o maintain a civil conspiracy claim, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." Id. A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Whalley v. Blazick, No. 4:18-CV-1295, 2020 WL 1330683, at *6 (M.D. Pa. Mar. 23, 2020). Therefore, in its current form, Mr. Soto's complaint also fails to state a federal civil rights conspiracy claim and this claim should be dismissed.

### D. **Mr. Soto's Complaint Fails to Assert a State Law Claim Giving Rise to Federal Jurisdiction**

Finding that this complaint fails to state a cognizable federal civil rights claim, we recognize that the complaint, very liberally construed, could also be interpreted as asserting some state law claims against RE/MAX arising out of this aborted real estate transaction. However, to the extent that Mr. Soto is attempting to make such claims, these efforts by a Pennsylvania resident to assert Pennsylvania state law claims against another Pennsylvania resident in federal court encounter an insurmountable legal obstacle. We lack jurisdiction to entertain such claims.

It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction,

"district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

We have previously determined that Mr. Soto may not assert a claim against RE/MAX arising under the Constitution, laws, or treaties of the United States since the necessary element of state action is entirely missing in this case. Therefore, all that remains in this case are potential state law claims brought by a Pennsylvania plaintiff against a Pennsylvania defendant. However, the plaintiff may not assert federal jurisdiction over these state claims, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– **(1)** *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). In the instant case, this court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction over this particular controversy since the complaint recites that the plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In light of this basic jurisdictional flaw in this complaint, we conclude that the state law claims set forth in this pleading simply do not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are

[not] sufficient to show that the plaintiff has a 'plausible claim for relief' " in federal court under this court's diversity jurisdiction. Fowler, 578 F.3d at 210-11. Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), since the complaint actually seems to demonstrate on its face that federal jurisdiction does not lie here over any state law claims.

In fact, this court has previously held that Pennsylvania resident plaintiffs may not maintain state law claims against Pennsylvania resident defendants in federal court. In dismissing and refusing to reinstate a similar lawsuit, this court noted in terms that are equally applicable here that: "Plaintiff's Complaint indicates that both he and Defendant . . . are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because 'complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state.' " Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, *2 (M.D. Pa. Feb. 19, 2013) (quoting Brett v. Brett, No. 12–3301, 2012 WL 5450879, *1 (3d Cir. Nov. 8, 2012)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Consequently, we have consistently concluded that where a *pro se* complaint brings state law claims and reveals on its face that there is no diversity of citizenship, screening dismissal of that pleading in favor of state court litigation is entirely appropriate. See, e.g., Kline v. Kline, et al., No. 4:18-CV-2095, 2018 WL 6005458,

*6 (M.D. Pa. Oct. 31, 2018), report and recommendation adopted sub nom. Kline v. Kline, et al., No. 4:18-CV-02095, 2018 WL 5994406 (M.D. Pa. Nov. 15, 2018); Baker v. Leitzel, No. 1:18-CV-1366, 2018 WL 3640419, *3 (M.D. Pa. Jul. 11, 2018), report and recommendation adopted, No. 1:18-CV-1366, 2018 WL 3631289 (M.D. Pa. Jul. 31, 2018); Mendez v. Strohlein, No. 3:17-CV-1141, 2017 WL 3084104, *3 (M.D. Pa. Jun. 29, 2017), report and recommendation adopted, No. 3:17-CV-1141, 2017 WL 3084094 (M.D. Pa. Jul. 19, 2017).

This conclusion that non-diverse parties may not maintain a state law claim in federal court applies here as well and compels dismissal of any state law claim in this complaint. Yet, while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Mr. Soto has no legal remedies available to him. The plaintiff may bring these claims in state court. Those courts certainly stand ready to hear his state law claims.

Simply put, Mr. Soto's complaint currently fails to state a claim upon which relief may be granted in federal court. We are, of course, mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229,

235 (3d Cir. 2004). However, in this case the fundamentally flawed nature of Mr. Soto's complaint was previously identified for the plaintiff. (Docs. 13 and 17). Moreover, on July 25, 2022, when the district court dismissed Mr. Soto's complaint against a separate defendant, Weichert Realtors, the court afforded the plaintiff 30 days in which to attempt to file an amended complaint, but he failed to do so. (Doc. 17).

Thus, when presented with identical claims lodged by Mr. Soto against another realtor defendant, we found this complaint to be legally bereft of merit and dismissed the complaint. However, acting out of an abundance of caution, we provided Mr. Soto with an opportunity to try to amend his pleadings, but to no avail. On these facts, and given the fact that Mr. Soto's pleading fundamentally misconstrues the reach of federal court jurisdiction and misunderstands the scope and reach of federal civil rights statutes, we will dismiss this action without further leave to amend this complaint in federal court, but with leave for Mr. Soto filing any state law claims he believes he may possess in state court.

### IV. Conclusion

Accordingly, for the foregoing reasons, RE/MAX of the Poconos' motion to dismiss (Doc. 10), will be GRANTED and Mr. Soto's complaint will be dismissed without further leave to amend this complaint in federal court, but with leave for Mr. Soto to file any state law claims he believes he may possess in state court.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: March  3, 2023