UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDIDO SOTO,** | : | Civil No. 3:22-CV-528 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WEICHERT REALTORS EASTON,** | : | |
| And **RE/MAX OF THE POCONOS,** | : | |
| | : | |
| **Defendants.** | : | |

## REVISED MEMORANDUM AND ORDER[1]

This matter comes before the Court for further consideration of a request to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 18). This motion came at an early stage in this litigation, after one defendant had been dismissed from the case and there was a pending motion to dismiss filed by the remaining defendant. (Docs. 10 and 17). We have subsequently granted this second motion to dismiss and closed this case.

Given these facts, while we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454,

---

[1] We are refiling this order in response to a document filed by the plaintiff styled as a petition to review clear and visible error, (Doc. 24), which noted a typographical error in our March 2 order denying the appointment of counsel in this case.

456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such

2

representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . .. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be in appropriate since we have found that Soto does not meet the legal threshold for appointment of counsel since he has not demonstrated the arguable merits of the plaintiff's claims. In any event, the issues in this case appear to be well-known to the plaintiff and he has thus far shown the ability to litigate his claims. Further, the amount of investigation needed in this case seems minimal.

Taking all of these factors into account we reaffirm our decision to DENY this request to appoint counsel (Doc 18).

SO ORDERED, this 13th day of March 2023.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge