IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDIDO SOTO,** | : | Civil No. 3:22-CV-528 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **RE/MAX OF THE POCONOS** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

### I.   Introduction and Background

This *pro se* lawsuit, which has been assigned to us upon the consent of the parties, (Doc. 19), sought to convert a failed real estate transaction into a federal civil rights violation. In this complaint the plaintiff alleged that he was presented and signed a real estate contract to purchase some 2.07 acres of land in July of 2021. (Id.) According to Mr. Soto, the defendants later withdrew the agreements "to the detriment and violations of rights of the Plaintiff." (Id. at 1b). On the basis of these other unadorned factual averments describing a potential breach of contract, Soto alleged that the defendant conspired to violate his constitutional rights to due process and equal protection of the laws, in violation of 42 U.S.C. §§1983 and 1985(3), "[t]hereby causing great monetary damages and resulting physical payne [sic] and suffering" for Soto. (Id. at 1).

The defendants named in this complaint, RE/MAX of the Poconos and Weichert Realtors both moved to dismiss this complaint alleging that it failed to state a claim. Upon consideration the court granted these motions, finding that the necessary element of action taken under color of state law was absent here, since the defendants were private realtors. (Docs. 17 and 22). Accordingly, we dismissed this case on March 3, 2023, and directed that this file be closed.

Undeterred, Mr. Soto has now filed a motion styled as a motion for summary judgment, which reasserts his contention that he may bring a federal civil rights claim against these private realtors arising out of some aborted real estate transaction. (Doc. 23). Because Mr. Soto fundamentally misconstrues the reach of federal civil rights statutes, this motion will be denied.

## II. Discussion

### A. The Scope of Federal Civil Rights Statutes.

In this case, Mr. Soto seeks to sue private realtors under federal civil rights statutes, 42 U.S.C. §§1983 and 1985(3). However, in order to state a claim under these specific statutes, Mr. Soto must set forth well-pleaded facts which satisfy the elements of these two laws.

Turning first to Mr. Soto's claims under 42 U.S.C. §1983 it is well settled that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties

to bring civil actions to vindicate violations of separate and pre-existing legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg Univ., 893 F. Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).

Likewise 42 U.S.C. § 1985(3) provides that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ..., the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

The reach of § 1985(3) has also been carefully defined by the courts. As the United States Court of Appeals for the Third Circuit has observed, "in Griffin v. Breckenridge, 403 U.S. 88 (1971) . . ., the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.' Id. at 102." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). Thus:

> Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). In a line of cases ..., the Supreme Court has made clear what a plaintiff must allege to state a claim under § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828–29,(1983) (citing Griffin, 403 U.S. at 102–03).

Farber v. City of Paterson, 440 F.3d 131, 134 (3d. Cir. 2006); See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). "[B]ecause § 1985(3) requires the 'intent

to deprive of *equal* protection, or *equal* privileges and immunities,' a claimant must allege 'some racial, *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber, 440 F.3d at 135 (citations omitted, emphasis in original).

### B. Mr. Soto's Complaint Fails to State a Claim under §§1983 or 1985(3).

Judged by these legal benchmarks, as we have previously noted, Mr. Soto's complaint failed to state a claim upon which relief may be granted under either of these federal civil rights statutes.

First, to the extent that Mr. Soto sought to bring a federal civil rights claim under 42 U.S.C. § 1983 against private realtors arising out of an aborted land purchase agreement, this claim fails for a single simple reason: Soto has not alleged well-pleaded facts establishing that the defendants were acting under color of state law. This is a fatal flaw in this complaint since the requirement of state action is a "threshold issue" in cases brought under section 1983, Bailey v. Harleysville National Bank & Trust, 188 F. App'x 66, 67 (3d Cir. July 18, 2006), because "there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.1995).

As we have noted on this score:

> The phrase "under color of law" used in section 1983 is parallel in meaning to "state action" as used in the Fourteenth Amendment. Mark, 51 F.3d at 1141; see also Bailey, 188 F. App'x at

67 ("To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment.") (citing Benn v. Universal Health System, Inc., 371 F.3d 165, 169 n. 1 (3d Cir.2004)). Under this standard, the state must be "responsible" for the plaintiff's alleged constitutional injury. Id. at 1141–1142. Thus, a plaintiff must show that there is a "sufficiently close nexus between the State and the challenged action ... so that the action ... may be fairly treated as that of the State itself." Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

Swope v. Nortumberland Nat. Bank, No. 4:13-CV-2257, 2014 WL 4716944, at *4 (M.D. Pa. Sept. 22, 2014), aff'd sub nom. Swope v. Northumberland Nat. Bank, 625 F. App'x 83 (3d Cir. 2015). Applying this exacting standard defining what constitutes action taken under color of law, courts have frequently rebuffed efforts to transform the actions by private entities in the context of real estate transactions into some form of state action for purposes of federal civil rights liability. Id. (collecting cases).

So it is here. Liberally construed, Mr. Soto's complaint alleges nothing more than a breach of contract by private realtors. While such matters may be cognizable under state law, they do not constitute the type of state action necessary for a federal civil rights claim under §1983. Therefore, this claim fails as a matter of law, as currently pleaded, and should be dismissed.

Mr. Soto's § 1985(3) claim is similarly flawed, as currently pleaded. In its present form, Mr. Soto's complaint simply alleges without any further factual detail

6

that there was a conspiracy to violate his rights. To the extent that Mr. Soto premises this conspiracy claim on 42 U.S.C. § 1985(3), the claim fails as a matter of law for at least two reasons. First, Mr. Soto has not alleged some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions, as he is required to do under this statute. Farber, 440 F.3d at 135. Moreover, and more fundamentally, presently Mr. Soto's complaint is devoid of any well-pleaded facts whatsoever which would support an inference of some conspiratorial agreement to violate his rights. Instead, this claim simply proceeds based upon the label of conspiracy unadorned by any factual averments. This, too, is a fatal flaw since:

> [T]o maintain a civil conspiracy claim, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." Id. A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Whalley v. Blazick, No. 4:18-CV-1295, 2020 WL 1330683, at *6 (M.D. Pa. Mar. 23, 2020). Therefore, Mr. Soto's complaint simply failed to state a federal civil rights conspiracy claim and was properly dismissed.

Nothing in Mr. Soto's latest pleading in any way alters these immutable facts, or provides grounds for a federal civil rights claim against these private parties. Yet,

while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Mr. Soto has no legal remedies available to him. The plaintiff may bring any state law claims he possesses in state court. Those courts certainly stand ready to hear his state law claims.

## IV.     Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion for summary judgment (Doc. 23), will be DENIED.

An appropriate order follows.[1]

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: March 13, 2023

---

[1] Mr. Soto has also filed a document styled as a petition to review clear and visible error, (Doc. 24), which notes a typographical error in a March 2 order filed by the court. We are therefore filing a corrected order.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDIDO SOTO,** | : | Civil No. 3:22-CV-528 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **RE/MAX OF THE POCONOS** | : | |
| | : | |
| **Defendant.** | | |

## ORDER

AND NOW, this 13th day of March 2023, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiff's motion for summary judgment (Doc. 23), is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
